The next case this morning is 523-0084, People v. O'Daniel. Arguing for the appellant is Patrick Daly. Arguing for the appellee is Yasmin Navi. Each side will have 10 minutes for their argument. The appellant will also have five minutes for a vote. Please note only the clerk of the court is permitted to record these proceedings today. Morning counsel. Morning. Just a couple things. Thank you for your patience. We were running a little late due to some technical difficulties. Hopefully we have those squared away. Clerk Coonsey, I know you said earlier there were a couple non-video participants. Are they able to see the argument? They are coming now. Okay. I just want to make sure that we have them in. Yes. They're here, Judge Bowie. Okay. I'm just making sure they're muted. Okay. With all that being said, Mr. Daly, you ready to proceed? I am, Your Honor. Then go right ahead. Thank you, Judge. Good morning, Your Honors, and good morning to the court. My name is Patrick Daly and I'm appearing here on behalf of the people of the state of Illinois. As this court is aware, this is an appeal by the state of a judgment of the trial court excluding slash suppressing a video recorded interrogation of the defendant on the basis of the certain aspects of the video which the court had determined would be unfairly prejudicial to the defendant and that would outweigh the probative value of the evidence statement's content. I think before we get into all that, the defendant has raised a jurisdictional challenge and I think that this is something this court needs to address. We all need to address I think out of the gate. This court actually has an independent duty to determine its jurisdiction whether to consider an appeal. I want to devote the first part of my argument to this aspect of the case. Under Rule 604A, the state is permitted to appeal the exclusion of evidence that would substantially impair the state's case's ability to proceed. However, a body of law has developed from the Supreme Court and even this court as well, as we'll discuss in a moment, which has come to the conclusion, has held that if the state has other means by which to present the same information, then there's not really a suppression of evidence as contemplated under Rule 604A because the state could proceed along to present that other means of presenting the evidence and therefore there's not really a 604 issue because that evidence has not been excluded. I think that it's important at the outset to understand that my perception of the issue here relates to the fact that the court's order of suppression excluded the video but did not necessarily exclude the defendant's statements per se. In other words, the defendant's statements could still be introduced by perhaps the testimony of the officer or a transcript or some combination of the two. Those details are not particularly explored and I think understandably so because the state's position below and the state's position on appeal is that the entirety of the video, which is inclusive of the defendant's responses to questioning and the manner in which he responded and I think as I get into the meat and bones of the exclusion issue, the timing and the relationship of the questioning and how a defendant responds to those is really sort of essential to the state's desire to present that evidence before the court and that simply presenting that evidence through means of another witness does not really get to the essence of what that evidence is because that's such a recitation sort of neuters the effect of the video's contents in the manner in which the defendant made these responses. Now the kind of origins of this other means to present evidence comes back to Truitt and I think it's important here to discuss these cases and look at them because especially as we get to Lee and Brindley from this court because there's certainly some kind of comparison of these two cases which causes some perhaps difficulties but in Truitt is a 115-15 lab report case and this precedes the Supreme Court's ultimate declaration of unconstitutionality of that statute where the lower court had excluded the report because it felt that it was unconstitutional and violated the confrontation clause and the Supreme Court declined to hear the case on the basis of the fact that the state could have just presented the lab examiner. It was a witness within their means of producing and it was a witness that would have presented the exact same evidence that the lab report itself would have presented. It bears perhaps some helpfulness to read the exact language of the court because I do think it has some relationship to this case as well and said instead of being able to rely on a piece of paper the state will have to present testimony from an actual witness. There's no way this can reasonably be viewed as a suppression to the contrary the witness will be subject to cross-examination the jury will almost certainly end up receiving as much a much more thorough explanation of the pertinent facts than the document alone can provide and may actually have the opposite effect of a suppression order. So there of course we've got an instance where the state has a witness that the state could put on present the exact same evidence and then you know in the court I think reasonably comes to the conclusion that there's not really been a suppression of anything. The court followed up that with KEF which is a 115-10 case where the state for some reason or another decided not to present the entirety of the testimony of a child which was a foundational prerequisite to admission of the child advocacy center video and that case. Rather the state just put the witness on asked the witness simply whether everything on the video is accurate and then left it at that essentially depriving excuse me opposing counsel the opportunity to cross-examine that witness. Ultimately the court held that there too there's no jurisdiction because the state had at its disposal and within its exclusive means the ability to put on that witness on behalf of the state and could have shored up the foundation is really through the state's own malfeasance if you will that the state was now left in the position where it could still simply just put on that child witness and presented the same exact evidence. So Truett and KEF kind of follow the same sort of core analysis of evidence that's within the state's control that the state can put on the witness stand. Ultimately then in Sneed which is one of the most recent cases from this court or excuse me from the Supreme Court the court sort of again in analyzing among other cases Lee pointedly made note that there the state had you know the the the construct of the state that the Supreme Court's analysis is that where the other means is entirely within the state's control the state can present that evidence then there's no jurisdiction. Ultimately they did find jurisdiction in that case. Now this case obviously is a little bit different. The evidence in the state's control is not not really the same as the evidence that would be presented by way of say a police officer okay. The defendant's reactions and the verbal and non-verbal cues the back and forth is not something that's going to be conveyed and nor is it within the state's control because the state obviously can't put the defendant on a witness stand and say okay let's go through all this again with you okay. Now having laid that backdrop if you will your honors I want to talk a little bit about Lee and Brindley because this is really what it kind of comes down to is is that you know Lee the case that I argued myself was again another 115-10 case where the court had excluded the video evidence and the court had held among other things that that there's no jurisdiction because the state could have simply presented the witnesses that were under control which are the child the children that could have testified and therefore because they can convey that same information that would have been presented by way of the CAC video there was no jurisdiction. Now I don't then I don't now agree with that but it is obviously the law of the court so in that vein I do want to then focus at this point as we talk about Lee and Brindley on aspects of the defendant's I think position with regards to lack of jurisdiction. Now defendant I think has three bases on which he asserts that there's no 604a appeal. I want to talk about the second one which is that the state could have presented this other evidence by way of say the officer's testimony about what happened during the interrogation okay. In Brindley, Brindley is a case where the the state had excluded from the court had excluded from evidence a recording and over here recording of an interaction between a confidential informant and defendant where the exchange of the transaction occurred the the court found that the state had not complied to the statutory prerequisites for the admission of that of that video. This court ultimately rejected the defendant's sort of Truett-based KEF-based argument and found that there was jurisdiction because the court had held there and I've kind of block quoted it in the reply brief where it says that the state sought relevant events as they occurred and there's language we're going to come back to that in a minute. Capturing the defendant's exact words, demeanor, and visual manifestations the time is alleged to have committed the crime's charge. The CI's testimony concerning the same is not the same evidence to be based on his or her recollection of the events which may or not be the same as what is depicted in the recording as well as the witness's credibility and of course the credibility issue is something I think that's very important I think it has to be emphasized in this case as well because the credibility of the exculpatory denials is something that is most definitely something that the jury has to be be considering in assessing you know what happened in this case and whether those credit one of those you know denials are trustworthy or not given the evidence the state's likely going to present in this case. Now what happened in Lee and I think what happens here in this appeal by virtue of the defendant's argument is there's a focus on the language in Brindley which states that you know the testimony uh concerning the same events is not the same evidence um that the uh the actual audio video recording of the relevant events as they occurred so what Lee Lee pointed out and defendant does as well is that there appears to be this language that says well this evidence is is um uh reviewable on appeal under 604a because it involves events that occurred at the same time now I I don't understand that I still don't understand that because what it what it seems to suggest is that is that there's jurisdiction if we have a a video of a of made of a of a crime as it's being committed but then in some other circumstance um it's not admissible or is it really just a question of the contemporaneousness of the recording as it relates to information that the jury should be allowed to hear um in this case I think Justice Overstreet's reference to the uh the when that recording occurred was really only relevant to the factual circumstances of that case as they occurred not necessarily that it was dispositive to the presence or lack thereof of the appellate court's jurisdiction because if the balance because the balance of the court's Brindley analysis is really exactly on point here that the an officer's testimony about what the defendant said is not a replication or is not the same evidence as what the video occurs all for the same reasons okay the recollection of the event the uh um the the words demeanor visual manifestations these are all things that the state has pointed to here as as as unique to the circumstances of this video uh which are the same as were discussed in Brindley um in the court in Brindley this court in Brindley found that a a person simply testifying to what they saw which in this case would be uh the officer who was present and officers that were present and participated in the interrogation uh would be I think relaying information um that would not sort of you know you know lay forth what the video shows and moreover it's it's it's going to be limited strictly to the subjective interpretation of the of the testifying witness's recollection um Mr. Daly I hate to cut you off but you're well beyond your 10 minutes I am you are oh my gosh now here I apologize that's all right uh obviously there there's a lot to this case both with the jurisdiction issue and the merits so unless there is an objection from Justice McHaney or Justice Schoeller because I want the state and uh the defense to be able to provide us the argument that we need um obviously you're going to have your rebuttal time to address what Ms. Navi may talk about the merits but what I'm going to do is I'm going to have the clerk add another three minutes to her uh time so she can you know if she uses it fine if she doesn't that's fine too that's on that's up to her but that way she can uh talk about both arguments and then you will have your rebuttal time to address uh those merits uh again unless there's an objection or if Justice Schoeller McHaney wants to give more time I'm open to that as well I'm I'm fine with how the presiding justice wants to proceed yeah I'm happy with that suggestion thank you yeah I apologize in court and counsel I was the clock is really small on my screen so I couldn't see it very well I'm sorry it is and like I said uh there's there as you put there's a lot of meat meat on the bone uh to these this case so I want to make sure you all have a proper time to argue thank you so with that Mr. V go right ahead oh great thank you um your honors I'm going to cut to the chase because as you said there is a lot of meat on the bones of this case um so my name is Yasmin Navai just briefly I represent the appellee Devin O'Daniel and uh in this matter the state is correct there are two principal issues one beginning with jurisdiction and then we move on to the merits with regards to jurisdiction there's a line of cases I agree that Truett and KEF um and this court's decision in Brindley and Lee which proceeds which comes after that and and which the state has acknowledged the holding of Lee and even White which was not addressed by the state they have forfeited the opportunity to respond to that that was a fourth district case of rule 23 order but it's uh very much consistent with the other cases there are three factors which are relevant one first and foremost we do not look at the substantive correctness of the ruling under this line of cases we look only at whether the information is being presented from being presented to the trier of fact two we look whether the state has control over the uh admissibility of this evidence the state I think relies principally on the fact that there is an exclusion I would contest that representation the trial court here merely limited the use of a proposed video redaction and at that only at during the case the case in chief so that leaves three critical options open I'm going to turn to one of the most critical ones the state has the opportunity and in fact the duty to submit a further redaction one that is not unfairly prejudicial the uh unfairly prejudicial and where the probative value outweighs the unfairly uh prejudice substantially prejudicial value and I'll turn to that when I get to the merits in a moment but with regards to that so they have that principal uh opportunity not only that but with respect to the proposed video itself that too is not being suppressed it's merely the means by which state can introduce it in rebuttal should the defendant testify going back to the further redaction the further redaction is completely within the state's control and as I've highlighted in the appellee brief throughout there are multiple sections of that video which can which are which inform the trial court's ruling that the probative value is substantially outweighed by the unfair prejudice which can be excluded while leaving intact the statements of the defendant which is what we're talking about that is the information here the argument that the proposed video is the information was in fact expressly rejected by this court by the Illinois Supreme Court let me back up in KEF and by this court in Lee and uh in I'd like to speak about Brindley because the state took up the bulk of its time on that that case is easily distinguishable from the instant case but I think even under the guiding principles under Lee under Brindley we see why the evidence in this case why nothing is being suppressed and why this court does not have jurisdiction to hear this matter as in the first context well counsel if if if if the state is required to only submit the testimony of the officers and not trier of fact would not see the video isn't trier of fact deprived of their a jury instruction that says you're entitled to review the demeanor of the witnesses who are testifying that don't isn't that gutted here uh your honor with respect to jurisdiction I'm going to limit it to jurisdiction and then I'll discuss it with regards to with regards to jurisdiction the whether the defendant's demeanor in and of itself may be more persuasive is not at issue we're not dealing with the correctness of the trial court's ruling we're only dealing with as far as jurisdiction goes with regards to whether there's another opportunity however to allay your concerns the state still has the opportunity to present visual evidence of the defendant's statements if it presents a further redaction which does not include the sections which the court highlighted and and I think informs the trial court's decision that the unfair prejudice outweighs any probative value there are significant sections in this redacted video which include defendant not offering any evidence about the crime itself so it doesn't go to his whether he's guilty of the child's death or not but in fact have him cursing at police officers when he's alone in substantial sections it shows him in shackles it shows him in shackles at the end of the interrogation also um yes I'm sorry to interrupt you no but back to the jurisdictional issue before we get into uh the merits isn't it the substantive effect of the court's ruling that really matters here and essentially didn't the court rule that the video itself the 57 minute clip was barred is that correct your honor in the case in chief no in the case in chief yes you're right it is that it was limited in the case in chief however it is not the proposed video that in fact that same argument was rejected by this court in lee the information the information which is the key word in this from all of these cases is the defendant's statements and even if we go at the defendant's visual statements those are not necessarily excluded the court made clear in its partial ruling and then later in its final ruling that its final order was limited to that proposed video redaction only leaving in place the opportunity for the state to provide a further redaction and we may be talking not about large swaths of the video being reduced but sections where the defendant is alone and cursing to himself about the officers a section at the end of the video where he is being arrested and uh is in shackles and is not being interrogated those so so jurisdiction may be proper if the video is further redacted is that what i'm hearing you say not at all all right help clarify that let me be very clear there is no jurisdiction in this appeal because because this there is nothing to the information is not being prevented from being presented to the trier of fact the information is not being prevented because the state has the opportunity to submit a further redaction so they still can introduce a big the defendant's videotape statement the court hasn't excluded it even in the case in chief if the state and in fact the state uh the in the state by may the state's reply brief indicates that there's no requirement that the state provide a further redaction well actually we did cite several cases in people of the white uh the fourth district court found in fact that this state made the error by not offering a redacted version of the victim's statements in that case that it wanted to introduce um so this is on the state this is entirely on the state and it's within their control which is again another consideration in determining whether any information is being barred and whether the business court has jurisdiction so to go back to your ultimate question no this court does not have jurisdiction this court does not have jurisdiction because no information is being barred we don't look at the proposed video redaction itself but even then but even then and again i return back to my response it is not the correctness of the court's ruling the the way so any discussion of whether the video itself is more uh is more compelling or not is not at play when we're discussing with jurisdiction that only comes into play with regards to the merits and i would argue uh in turning to the merits that the question there whether the trial court's ruling is arbitrary fanciful um such that no reasonable trier of fact would find uh in the manner that the trial court did with so many problematic sections in this proposed video redaction um and in fact there are a line of cases which say and all of these by the way i might add none of them none of them with regards to the merits were addressed by the state um drondae gregory white which was referenced in um the jurisdictional section of the brief no response by the state all of these cases hold that when evidence is substantially prob is largely irrelevant or or not or even when relevant if the substantially prejudicial uh if it's substantially prejudicial and unfairly prejudicial then the probative value is outweighed and must be excluded before it's admitted to the trier of fact again we don't want to risk the trier of fact finding of individual guilty uh based upon his dislike disdain of police officers for example his um anger or that kind of propensity evidence when it doesn't go to the ultimate um question before the trier of fact which is which is whether the defendant is guilty and again i say uh the line of cases on drondae um in the the merit section shows that yelling in and of itself is not uh evidence of uh bad conduct and this kind of ties in with brindley the i'm going to try and separate this out so that we are we're clear but uh i'm going to stick to for a moment i want to just make sure i address brindley in brindley the state's main objection and i'm talking about jurisdiction now the state's main objection is that in brindley the demeanor at the time of the offense the court that that's not really it there the the the the league court's determination that brindley was different because it was uh because it was timing it showed the defendant's crime at the time of the offense his demeanor at the time of the offense doesn't make sense but in point of fact it does um in brindley in brindley the court completely barred any video audio evidence of the over here because of illegality on the state's part in this case in this case however there is no barring or exclusion or suppression of the videotaped interrogation there is a limitation of the use of a proposed video redaction that's a critical distinction between those two cases and in point of fact there is a difference with behavior at the time of the offense and behavior and conduct after the offense as the court in andrande found just because a person is yelling after the offense does not necessarily prove that he was the initial aggressor in that case in this case we can liken it defendant's anger towards the police officer is after the offense is not necessarily indicative of his guilt his anger could be directed at multiple things and in point of fact we have a father whose child has is on the way to st louis is hurt he doesn't know the condition he keeps repeating this he also indicates multiple times that he's exhausted now in this record we have evidence that this defendant has had an untreated seizure disorder and there was evidence that a seizure disorder causes exhaustion so these those there's multiple reasons why his behavior is not ipso facto his behavior after the offense i might add is not ipso facto uh bearing on whether he's guilty or not but again the state has the opportunity of presenting the vast majority of the visual statements that the defendant makes particularly in the second interrogation when he's much calmer they cited a section where he talked about where defendant is demonstrating the fall that the child has he remained consistent i might add uh with his account in both the first and second interrogation all of that can come in it is just a small sections where his outbursts and his his physical displays maybe are so irrelevant to the issue at hand and even if relevant uh the the danger of unfair prejudice is substantially outweighed by the probative value um there's also nothing in this trial court ruling to um to suggest that there was an abuse of discretion the trial court in its final order cited with with specificity um two sections where the defendant engages in very visible hostile behavior screams out just take me to jail that's paragraph three of the court's final order paragraph four of the court's final order indicates with specificity this is why i told her not to call the cops so these are with specific references to the defendant's statements which are not probative of his guilt or innocence in this case um miss nevine i'm going to have you wrap it up here shortly okay one last thing and just the last thing i want to point out is these sections the court indicates that the sections after the interrogation and when he's left alone are substantially uh the the unfair prejudice is substantially outweighed by the probative value so the trial court's ruling is not an abuse of discretion thank you very much we ask that this court affirm the the circuit court's ruling below and find no jurisdiction thank you counsel uh before we go back to mr daly uh justice scholar or justice mckinney do you have any questions nothing i don't have any no questions all right i think the clerk is getting the clock set we're back to the disco lighting going on yeah i can read it fine if she can start the clock it's fine with me okay then go right ahead okay thank you ron uh so i'm looking at the court can i bother you first i'd like to interrupt you i'd like for you to address uh counsel's statement about the video being within the state's control and the issue of the redaction and further redaction okay that's thank you judge that's actually where i was going to start so okay great so let's let's do a couple aspects of this i want to get into first of all so looking at the court's final order um and then a council says well we're not talking about an exclusion of evidence but a limitation on it so um but in paragraph nine of the court's final order plaintiff shall not be allowed to present the video interview a plaintiff in its case in chief so i mean that's that's quite a limitation it's a wholesale limitation exclusion of the video itself so rolling back from that that part of the final order to the previous parts council says well you know we can there's there's certain redactions that the state could have made to this video as i guess a prerequisite to jurisdiction i suppose or not as a prerequisite maybe but it could have done instead of appealing um the court does in a couple paragraphs make note of a couple instances that the court took note of um in paragraph four it says at approximately 246 a.m defendant states this is why i told her not to call the tops and other substantially prejudicial comments of which i have no idea what they are um there must be a lot but we don't know so as a threshold i guess response to the argument is that if redaction is a viable argument here some sort of means of precluding jurisdiction um i'm not sure exactly what those redactions are council certainly has a lot of ideas what those redactions are but of course the state's not not not required to listen to what the defendant suggests ought to be excluded and the court hasn't provided any guidance in that regard but i think all that sort of elides a major point here and that is that the state wanted to present and appealed the court's order of the defendant's responses and reactions to the questioning that took place in this case so so if i understand defendant's argument correctly it's that well this court should not allow the state to appeal because what it could have done is just simply redacted the everything that it wanted to appeal in the first place and then we're all good to go well in other words i guess the state isn't allowed to appeal under 604a because apparently in order to get jurisdiction we have to comply with the court's order and not have the opportunity to challenge its correctness or its inaccuracies or lack of legal basis it just it doesn't it i just don't think that that argument flies as a matter of precluding jurisdiction if it were simply a matter of the state saying okay i guess you're right maybe we should take all that out um that's fine they could have done it in the first place or the state said we don't think we have to take all that stuff out whatever it is um because we think that that that aspect of the video for reasons that we've gone into in more detail in the substantive part of our argument are challengeable because they're incorrectly incorrectly determined by the court to have been created a more substantially prejudicial environment versus the clear probative value what those statements contain inclusive of the defendant's responses to the to their officers questioning in this case okay i mean interrogations don't occur in a vacuum okay we can't take a video necessarily and while we redactions occur all the time in law criminal and civil i'm sure um redactions still have to result in a product which is somewhat comprehensible and chopping up a video like this to satisfy some some need to remove information which by my understanding the court's order is so woven into this case that it may be impossible to do anyway uh simply doesn't simply doesn't doesn't fly so i think the answer to your question doesn't show is that i think that my response is that it's not this is not a jurisdictional aspect okay the jurisdictional aspect is was there something that was excluded and certainly something here is excluded everything was excluded okay but critically the parts of the video that the defendant felt were unfair to the defendant and the court apparently agreed are part and parcel of that which the court is now challenging excuse me the state is now challenging um was incorrectly decided so i don't think that there's any basis or legal authority and i don't read white to say that at all regardless of counsel's arguments here that the state is somehow as a prerequisite to or as a bar to jurisdiction should have first done what the defendant told what the state said it should have done or defendant told the state what it should do um so that aspect of it as well and i've already got into the second part in this 20 seconds i have left the defendant also argues that you know while the state had the opportunity to present this in rebuttal etc well you know what your honors if you're going to present evidence rebuttal you got to something to rebut the state can't call the defendant to the witness stand unless the fifth amendment gets you get repealed between now and trial and i don't think that's going to happen so i don't think that those either of those two aspects uh are really very have much traction i think that the focus of this court really has to be upon that other means of presentation of evidence the the uh uh the the whether the reading of it or some other transmission of information contained in this uh somehow satisfies the the same evidence and i just don't think that it does and i think this court's decision in brindley uh really lays down the logic of that particular aspect of this does court have any questions and i'll wrap it up here justice mckinney just to show or any questions no no questions your honor one last thing i didn't have really much of a chance to talk about the substantive aspect of the court's ruling but i request the court that i'd stand on my arguments in this case which i think had a pillar about defendant's position here well thank you counsel uh i i would say that uh you uh did a fine job both of you today on these issues uh there's a like we said this already there's a lot to this case both the jurisdiction jurisdiction issue and the merits uh so i appreciate your thoroughness and your uh being uh overly prepared today uh so i appreciate that and i know i speak for the other panel members here today um obviously we will take the matter under advisement we will issue an order in due course